IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAULETTE WESBY**<br>1718 North 28th Street<br>Philadelphia, PA 19121<br><br>       *Plaintiff,*<br><br>       vs.<br><br>**HOME DEPOT USA, INC.**<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808<br><br>       **-and-**<br><br>**DAVID CARTER**<br>1651 Columbus Boulevard<br>Philadelphia, PA 19148<br><br>       *Defendants.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

     Plaintiff, by and through undersigned counsel, hereby files the following Complaint against Defendant:

### **INTRODUCTION**

1. Plaintiff brings the instant action to seek redress for unlawful discrimination and retaliation in violation of federal and state law.

### **JURISDICTION and VENUE**

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. The Court may properly maintain personal jurisdiction over the Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

5. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

6. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual residing at the above address.

9. Defendant Home Depot USA Inc., is a corporation created and existing pursuant to the laws of the State of Delaware with a registered agent for service of process at the above address.

10. Defendant David Carter ("Dave Carter or Carter") is an adult individual believed to be employed at the above captioned address.

11. At all times relevant herein, each defendant acted or failed to act through its agents, servants and employees, each of whom was in the scope of their employment at all times relevant herein.

12. Defendant is an "employer" within the meaning of the Title VII because it is engaged in an industry affecting interstate commerce and because they maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

13. Defendant also maintains sufficient employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

14. Defendant Carter is individually liable as an aider and abettor under the PHRA.

## PROCEDURAL and ADMINISTRATIVE REMEDIES

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. Plaintiff has satisfied the procedural and administrative requirements for proceeding with a discrimination action as follows:

a) On or about January 9, 2017, Plaintiff filed a timely written charge of discrimination against Defendant (No. 530-2017-01271) with the Equal Employment Opportunity Commission alleging discrimination and retaliation;

b) The Equal Employment Opportunity Commission mailed a Notice of Right to Sue on the foregoing charge on or about September 7, 2018;

c) The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

17. Plaintiff has exhausted federal and state administrative remedies as to the allegations of this Complaint.

## FACTUAL BACKGROUND

18. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

19. At the time of her EEO charge, Plaintiff had been an employee at Home Depot since September 2015.

20. Plaintiff was employed at a Home Depot location located at 1651 Columbus Boulevard in Philadelphia, PA.

21. She was employed as a cashier.

22. In or around the 1st or 2nd week of December 2016, Plaintiff was approached by Dave Carter, who is a supervisor in plumbing and who had been an employee for over 5 years.

23. Carter said, out of the blue, while Plaintiff was in the returns section of the store; "you have got a big mouth, not big enough. I am going to show you how to use it."

24. Carter and another employee started to laugh.

25. This was an offensive sexual comment to the Plaintiff.

26. Plaintiff was shocked.

27. Plaintiff walked away from the register to customer service.

28. After it became obvious that Plaintiff would not reciprocate, with respect to his sexual comment, Carter retaliated against Plaintiff.

29. Carter proceeded to follow her around the store.

30. Carter threatened to beat and slap Plaintiff.

31. At one point, Carter put out his hand as if to hit her.

32. He invaded Plaintiff's personal space and caused her to be genuinely scared for her safety.

33. She was reluctant to complain to her immediate supervisor, Sharon, because she knew that Sharon and Dave Carter were friends.

34. However, Plaintiff confided to certain head cashiers.

35. On or about December 28, 2016, Dave Carter came over to Plaintiff and said; "you are my friend" and then he put his hand out as if he was going to hit Plaintiff and proceeded to tell her he was going to smack her up or beat her up.

36. Plaintiff is approximately 5'3" tall and Carter is estimated to be over 6' tall in addition to being heavily built.

37. Upon information and belief, Carter was formerly a "bouncer" and was a large and intimidating individual.

38. As a result of the consistent and ongoing retaliation, unlawful threats and harassment, Plaintiff made a formal complaint on December 29, 2016 to Defendant's headquarters in Atlanta, Georgia.

39. Plaintiff was told that Defendant took her kind of complaints extremely seriously and she was informed she would hear back a day or two later.

40. By January 2, 2017, Plaintiff heard absolutely nothing and was obligated to go into work on January 3, 2017.

### COUNT I
### Title VII Violations
### *Against Home Depot USA, Inc.*

41. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

42. The foregoing conduct by the Defendant constitutes unlawful sexual harassment and a hostile-work environment.

43. The foregoing conduct by the Defendant constitutes unlawful retaliation.

44. As a result of the Defendant's discrimination and retaliation, the Plaintiff has suffered damages as set forth herein.

## COUNT II
### Pennsylvania Human Relations Act ("PHRA")
*Against All Defendants*

45. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

46. The foregoing discrimination and retaliation by each Defendant also violates the PHRA.

47. The foregoing conduct by each Defendant constitutes unlawful sexual harassment and a hostile-work environment.

48. Defendant Carter is liable as an "aider and abettor" under the PHRA.

49. As a result of Defendants' violations of the PHRA, Plaintiff has suffered damages, as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter judgment in Plaintiff's favor and against each Defendant and that it enter an Order as follows:

   a. The Defendant is to be permanently enjoined from engaging in discrimination against Plaintiff on any other basis prohibited under applicable law;

   b. The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting discrimination and retaliation in the workplace, and is to be ordered to promulgate an effective policy against such harassment and discrimination and to adhere thereto;

c. The Defendant is to be prohibited from continuing to maintain its unlawful policy, practice, or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d. The Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date Plaintiff first suffered discrimination at the hands of the Defendant or its agents until the date of verdict;

e. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the Defendant's actions to the extent they are available as a matter of law.

f. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

g. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

i. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

j. Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

k. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

l. Plaintiff demands trial by jury on all issues so triable pursuant to Fed.R.Civ.P. 38(b)(1).

Respectfully submitted,

**KOLMAN ELY, P.C.**

/s/ W. Charles Sipio
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Plaintiff*

Dated: December 6, 2018